FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASTRIA HEALTH, et al.,<br><br>Appellees/Counter-Appellants,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION; and JOVITA CARRANZA, in her official capacity as Administrator for the United States Small Business Administration,<br><br>Appellants/Counter-Appellees. | NO: 1:20-CV-3098-RMP<br><br>ORDER DISMISSING APPEALS AS EQUITABLY MOOT |

BEFORE THE COURT are the consolidated appeals of Appellants and Counter-Appellees U.S. Small Business Administration (the "SBA") et al. ("Appellants") and by Counter-Appellants and Appellees Astria Health et al.[1]

---

[1] Astria Health ("Astria"), SHC Medical Center-Toppenish, doing business as Astria Toppenish Hospital ("Toppenish"), both Washington nonprofit corporations under 26 U.S.C. § 501(c)(3); Yakima HMA Home Health LLC, a Washington

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 1

("Appellees" or "Debtors") from a final order of the U.S. Bankruptcy Court for the Eastern District of Washington ("Bankruptcy Court"). Having reviewed all briefing, the relevant portions of the Bankruptcy Court record, the supplemental authority submitted by the Appellants, and the relevant law, the Court is fully informed. *See* ECF Nos. 11, 13, 14, 15, 18, 24, 25, 26, and 28. Although the parties requested oral argument in their initial briefs, the Court finds that oral argument would not be helpful in light of the parties' thorough briefing of the matter, as well as ample discussion of the legal issues by federal courts throughout the United States, as discussed below. *See* LCivR 7(i)(3)(B)(iii).

## BACKGROUND

### *Bankruptcy Case and Adversary Proceeding*

The Debtors are tax-exempt non-profit corporations, primarily healthcare facilities, pursuing Chapter 11 bankruptcy that filed an adversary proceeding against Appellants SBA et al. in the Bankruptcy Court. The Debtors sought in their Adversary Complaint to enjoin the SBA Administrator, and Banner Bank acting through the SBA Administrator, from considering the Debtors' involvement in

---

corporation doing business as Astria Home Health & Hospice-Yakima ("Astria Home Health"), and affiliated entities Glacier Canyon, LLC; Kitchen and Bath Furnishing, LLC; Oxbow Summit, LLC; SHC Holdco, LLC; Sunnyside Community Hospital Association; Sunnyside Community Hospital Home Medical Supply, LLC; Sunnyside Home Health; Sunnyside Professional Services, LLC; and Yakima Home Care Holdings, LLC.

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 2

1  bankruptcy in deciding the Debtors' applications for PPP funds, and refrain from

2  conditioning the approval of any PPP funds to the Debtors contingent on the Debtors

3  "not being 'presently involved in bankruptcy.'" ECF No. 13-1 at 10.  In addition,

4  the Debtors sought declaratory relief for allegedly unlawful agency action in

5  violation of section 706(a) of the Administrative Procedure Act ("APA"), 5 U.S.C. §

6  701 *et seq.*, and alleged discriminatory treatment by the SBA Administrator in

7  violation of Section 525(a) of the Bankruptcy Code.  *Id.* at 10, 30, 33.  The Debtors

8  also sought damages and an award of their costs and attorneys' fees against the

9  United States generally, or against the SBA Administrator specifically, pursuant to

10 the Equal Access to Justice Act, 28 U.S.C. § 2412.  *Id.* at 11.

11    ***SBA, CARES Act, and PPP***

12    Congress created the SBA, and vested management of the SBA in a single

13 Administrator, to carry out the imperatives of the Small Business Act of 1953,

14 codified as amended at 15 U.S.C. §§ 631−57.  Congress imbued the SBA with

15 "broad powers to accomplish [its] important objectives, including that of lending

16 money to small businesses whenever they could not get necessary loans on

17 reasonable terms from private lenders." *SBA v. McClellan*, 364 U.S. 446, 447

18 (1960) (footnote omitted).

19    Toward that end, "[t]he SBA is 'empowered' to make loans to any qualified

20 small business, either directly or through financial institutions on an immediate or

21 deferred (guarantee) basis." *Agaña v. SBA (In re Archbishop of Agaña)*, Nos. 19-

00010, 20-00002, 2021 Bankr. LEXIS 460, at *7 (Bankr. D. Guam Feb. 23, 2021) (citing 15 U.S.C. § 636(a)).  The Small Business Act's loan program is set forth at 15 U.S.C. § 636(a) and generally is referred to as the Section 7(a) program.  By statute, the SBA must ensure that its loans are "of such sound value or so secured as reasonably to assure repayment[.]"  15 U.S.C. § 636(a)(6).

To address developments related to the novel coronavirus (COVID-19) pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Stimulus Act ("CARES Act"), Public Law 116-136, on March 27, 2020.  One of the relief measures provided by the CARES Act is the Paycheck Protection Program ("PPP"), which provides for loans to eligible small businesses through the long-standing Section 7(a) loan program.  CARES Act § 1102(a)(2), 134 Stat. 281; 15 U.S.C. § 636(a)(36).  The PPP loans are funded by various financial institutions, guaranteed by the SBA, and may be forgiven if the borrower demonstrates that the loan was used according to the PPP program's terms, such as using the loan for payroll, rent, utilities, mortgage interest, in which cases the loan may be fully forgiven.  *See Brady v. United States, SBA (In re Specialty's Café & Bakery, Inc.)*, Nos. 20-40954 RLE, 20-4039, 2022 Bankr. LEXIS 269, at *4 (Bankr. N.D. Cal. Feb. 2, 2022).

To implement the PPP, Congress required the SBA Administrator to issue, within fifteen days after the enactment of the CARES Act, "regulations to carry out [title I of the Act] and the amendments made by this title without regard to the notice requirements under [5 U.S.C. § 553(b)]."  CARES Act § 1114, 134 Stat. 281.  The

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 4

United States District Court for the District of New Mexico thoroughly outlined the SBA's relevant rulemaking following the CARES Act:

> Pursuant to this mandate, in April 2020, the SBA Administrator promulgated four interim rules about the PPP. *See* Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811 (Apr. 15. 2020) (to be codified at 13 C.F.R. pt. 120) (hereinafter "First Rule"); Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,817 (Apr. 15, 2020) (to be codified at 13 C.F.R. pt. 120) (hereinafter "Second Rule"); Business Loan Program Temporary Changes; Paycheck Protection Program—Additional Eligibility Criteria & Requirements for Certain Pledges of Loans, 85 Fed. Reg. 21,747 (Apr. 20, 2020) (to be codified at 13 C.F.R. pt. 120) (hereinafter "Third Rule"); Fourth Rule, 85 Fed. Reg. 23,450.
>
> Among other things, the First Rule modifies several general Section 7(a) loan eligibility criteria as to PPP loans and reduced lenders' underwriting obligations. *See* First Rule, 85 Fed. Reg. at 20,812-13, 20,815. It removes the organization-for-profit criterion as to certain nonprofit organizations and eliminates the no-credit-elsewhere criterion as to all applicants. *Id*. at 20,812, 20,816. It also amends the business-size criterion to be satisfied by having either no more than 500 employees (regardless of industry) or the number of employees designated for its industry. Id. at 20,812. The rule also suspends the creditworthiness criterion in 13 C.F.R. § 120.159 but retains 13 C.F.R. § 120.110 as the list for ineligible business (except as to certain nonprofit organizations made eligible by the CARES Act). *Id*. at 20,812. With respect to underwriting, the First Rule allows a lender to assess eligibility based on an applicant's good faith certifications about its operational, employment, and loan application history, its economic need, its intended use of funds, and the validity of attached documentation. *Id*. at 20,814-15.
>
> The First Rule does not explicitly comment on a bankruptcy debtor's eligibility for a PPP loan. *See id*. at 20,812-17. However, the PPP borrower application form (issued a few weeks earlier and referenced in the First Rule, see id. at 20,814) asks an applicant if it or any of its owners is "presently involved in any bankruptcy" and provides that an affirmative answer prevents the approval of the loan. BRA vol. 1 at 19.

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 5

> Similarly, the PPP lender guaranty application form (issued contemporaneously with that for the borrower) asks whether the applicant has certified that neither it nor any of its owners is "presently involved in any bankruptcy" and states that a negative answer prevents approval of the loan. *Id.* at 24.
>
> The Second and Third Rules make no reference to bankrupt PPP loan applicants. *See generally* Second Rule, 85 Fed. Reg. 20,817; Third Rule, 85 Fed. Reg. 21,747. However, the Third Rule reiterates "that, unlike other SBA loan programs, . . . the standard underwriting process does not apply because no creditworthiness assessment is required for PPP Loans." 85 Fed. Reg. at 21,750.
>
> The Fourth Rule provides a definitive statement on a bankruptcy debtor's ineligibility for a PPP loan. It states that "[i]f the applicant or the owner of the applicant is the debtor in a bankruptcy proceeding, either at the time it submits the application or at any time before the loan is disbursed, the applicant is ineligible to receive a PPP loan." Fourth Rule, 85 Fed. Reg. at 23,451. It explains that "providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or nonrepayment of unforgiven loans." *Id*.

*United States SBA v. Roman Catholic Church of the Archdiocese of Santa Fe*, 632 B.R. 816, 824–25 (D.N.M. 2021).

In this case, the Debtors applied for their PPP loans prior to the enactment of the Fourth Rule, the first rule to address the bankruptcy exclusion. *See Paycheck Protection Program—Requirements—Promissory Notes, Authorizations, Affiliation, and Eligibility*, 85 Fed. Reg. 23,450 (Apr. 28, 2020); ECF No. 14 at 26 (reciting that the Debtors submitted their applications on April 17, 2020).

/ / /

/ / /

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 6

Bankruptcy Court's Preliminary Injunction Order

On June 3, 2020, in the adversary proceeding, the Bankruptcy Court issued an "Order Granting Preliminary Injunction, Denying Stay Pending Appeal, and Certifying Issues to the Ninth Circuit Court of Appeals" (hereinafter "Order Granting Preliminary Injunction"). See ECF No. 11-1. In that order, the Bankruptcy Court found:

> 1. The Court has jurisdiction over the parties and the subject matter hereof, and has authority to enter a final judgment on the matters joined herein.
> 2. Notice hereof was reasonable and appropriate under the circumstances of this case. This matter is properly before the Court for determination at this time.
> 3. The Court finds that the Debtors have demonstrated a likelihood of success on the merits of their complaint against the SBA.
> 4. The Court finds that the Debtors have demonstrated they would suffer irreparable harm without issuance of a preliminary injunction.
> 5. The Court finds the Debtors have demonstrated that the risk of harm to the Debtors if a preliminary injunction is not granted outweighs the harm to the SBA and other Restrained Parties (as defined below).
> 6. The Court finds the Debtors have demonstrated that issuance of this preliminary injunction is in the public interest.

ECF No. 13-1 at 308.

The Bankruptcy Court also incorporated into the Order Granting Preliminary Injunction its oral findings, which included a determination that the Debtors had not shown a likelihood of success on their discriminatory treatment claim under 11 U.S.C. § 525(a) because that provision does not encompass PPP loans. See ECF No. 13-1 at 308, 318–22. The Bankruptcy Court further held that the SBA had waived sovereign immunity pursuant to 11 U.S.C. § 106 and that the Bankruptcy

Court had the authority to finally resolve the Debtor's APA claim as a core proceeding under 28 U.S.C. § 157(b)(2)(B)(A). *See id.* at 322–24.

The preliminary injunction that the Bankruptcy Court issued was directed to the SBA Administrator, and "all agents, servants, employees, and any parties acting in concert with any of the foregoing parties, including Banner Bank (referring to them collectively as the "Restrained Parties"). ECF No. 13-1 at 309. The Restricted Parties were enjoined from "refusing to guaranty a PPP loan sought by the Debtors on the basis that the applicant is a debtor in bankruptcy" and were required to "reserve sufficient funds or guaranty authority to provide the Debtors with access to PPP funds if the Debtors are eligible once the words 'presently involved in any bankruptcy' are stricken from Debtors' PPP applications." *Id.* at 310.

The Bankruptcy Court denied an oral Motion to Stay the injunction pending appeal from the SBA and did not require the Debtors to post a bond. ECF No. 13-1 at 311. The parties subsequently agreed to a stay of the adversary proceeding pending appeal of the Order Granting Preliminary Injunction. ECF No. 13-1 at 370.

Pursuant to the Order Granting Preliminary Injunction, the Debtors resubmitted their PPP Applications, striking the "presently involved in any bankruptcy" from the forms, and their PPP Applications were approved and funded shortly thereafter. *See* ECF No. 14 at 18.

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 8

<u>Bankruptcy Court's Confirmation Order</u>

On December 23, 2020, the Bankruptcy Court entered an order confirming the Debtors' plan of reorganization (the "Confirmation Order"). *See* ECF No. 25-1 at 2. The Confirmation Order provided that nothing in the Order or the reorganization plan affected the instant appeal of the Order Granting Preliminary Injunction. *Id.* at 65. The Confirmation Order further provided that "Nothing in this Order Shall be construed as (i) determining, construing, or limiting any right, obligation, or term of the PPP Loans, loan documents, or law governing the PPP loans, including whether all or any part of the PPP Loans are subject to forgiveness; (ii) determining this Court's authority to make a determination about whether all or any part of the PPP Loans is subject to forgiveness under the loan documents and law governing the PPP Loans." *Id.* at 64. "If the PPP Loans are later not forgiven and become due after the Effective Date, the Debtors will agree to make payments to the Lender on the PPP Loans over time in the ordinary course of business." *Id.*

The Confirmation Order became effective on January 16, 2021. *See* ECF No. 24 at 10; Fed. R. Bankr. 8002.

## JURISDICTION AND LEGAL STANDARD

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Nonetheless, a district court may refer all Title 11 bankruptcy matters to the bankruptcy court within that district. 28 U.S.C. § 157(a). The District

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 9

Court for the Eastern District of Washington has referred all Title 11 matters to the Bankruptcy Court.  LCivR 83.5(a).  Through this referral, the Bankruptcy Court has the authority to hear and determine all cases under Title 11 and all core proceedings arising under Title 11 or arising in a case under Title 11 and may enter appropriate orders and judgments.  28 U.S.C. § 157(b)(1).

A district court also has jurisdiction to resolve appeals from final judgments, orders, and decrees of a bankruptcy court and may exercise its discretion to hear interlocutory appeals where extraordinary circumstances exist.  28 U.S.C. § 158(a); *see also, e.g.*, *Carey v. Johnson Chua*, Case No. 96-4045-TEH, 1996 U.S. Dist. LEXIS 18673, at *2 (N.D. Cal. Dec. 3, 1996).  The Bankruptcy Court certified its Order Granting Preliminary Injunction for direct appeal to the United States Court of Appeals for the Ninth Circuit.  ECF No. 13-1 at 311.  The parties agree that the Bankruptcy Court's Order Granting Preliminary Injunction is final for purposes of appeal under 28 U.S.C. § 158(a).  *See* ECF Nos. 13 at 8; 14 at 13−14; *see also In re Gateway Consultants, P.A.*, 983 F.3d 1239, 1255 (11th Cir. 2020) (finding appellate jurisdiction over a bankruptcy court order enjoining the SBA from denying a PPP loan to a debtor on the basis of bankruptcy or conditioning PPP loan forgiveness on the debtor not being in bankruptcy).

/ / /

/ / /

/ / /

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 10

## LEGAL STANDARDS

*Preliminary Injunction*

A plaintiff seeking a preliminary injunction must show a: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Provided the Court considers all four parts of the *Winter* test, the Court may supplement its preliminary injunction inquiry by considering whether "the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [the requesting party's] favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)). The Ninth Circuit's "sliding scale" approach survives *Winter*, "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135.

As a general rule, this Court reviews the Bankruptcy Court's conclusions of law de novo and its factual findings for clear error. *Blausey v. United States Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). De novo review requires that the Court "consider a matter anew, as if no decision had been made previously." *Diamond Enters., LP v. Younessi*, 601 B.R. 815, 820 (9th Cir. BAP 2019). Although the

Bankruptcy Court's legal findings underlying a preliminary injunction are reviewed de novo, this Court reviews the decision to grant or deny a preliminary injunction for abuse of discretion. *See East Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 974 (9th Cir. 2021) (internal quotation marks omitted).

## ISSUES

The Appellants raise three primary issues on appeal from the Order Granting Preliminary Injunction: (1) whether the Bankruptcy Court erred in awarding injunctive relief without a waiver of sovereign immunity allowing that relief, and despite a statute allegedly barring injunctive relief against the SBA; (2) whether the Bankruptcy Court erred in adjudicating the debtors' APA claims because such claims are non-core; and whether the Bankruptcy Court erred in concluding that the SBA acted arbitrarily and capriciously, within the meaning of the APA, by excluding debtors in bankruptcy from the PPP.

The Appellees, or Debtors, raise the following additional issues in their cross-appeal and responsive briefing: (1) whether these consolidated appeals are equitably moot; and (2) whether the Bankruptcy Court erred in holding funds received under the PPP are not an "other similar grant" within the meaning of § 525(a).

## DISCUSSION

### *Equitable Mootness*

The Debtors assert that the Appellants' appeal is equitably moot. *See* ECF No. 14 at 29. As the doctrine of equitable mootness affects whether the Court

reaches the merits of the appeals, the Court resolves the issue of equitable mootness as a threshold matter. *In re Transwest Resort Props., Inc.*, 801 F.3d 1161, 1167 (9th Cir. 2015); *see also Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014) (the equitable mootness doctrine "when there has been a comprehensive change of circumstances . . . so as to render it inequitable for this court to consider the merits of the appeal.").

The Debtors assert that the Appellants could have done more than orally moving for a stay, such as filing a written motion for reconsideration of the denial of the stay with the Bankruptcy Court or requesting a stay pending appeal with this Court before the PPP funds disbursed. ECF No. 14 at 32. The Debtors argue that the appeal is equitably moot because the Debtors already received the requested PPP loans and used the funds to pay "innocent third parties, including nurses and other essential healthcare staff who are on the front lines of fighting a global pandemic." ECF No. 14 at 29.

Appellants argue in their reply that this Court can "award effective relief without rendering the bankruptcy case 'uncontrollable,' which the equitable mootness doctrine is intended to prevent." ECF No. 18 at 8. Appellants continue, "The Bankruptcy Court has not confirmed any plan, and Astria has not identified any other complex transactions in the bankruptcy case that would be undone by the appeal. Rather, vacating the preliminary injunction would only mean that Astria must repay its PPP loan, which it is already legally obligated to do." *Id.* Appellants

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 13

subsequently filed a sur-reply, acknowledging that the Bankruptcy Court had confirmed a reorganization plan, but arguing that the appeal is not moot because the Confirmation Order "fully acknowledges and accounts for this appeal." ECF No. 25 at 19.

The Debtors contend that the Appellants would not be harmed by dismissal of the appeal because the Confirmation Order provides for treatment of the PPP funds if there is a final determination that repayment of any portion of the PPP funds is required. ECF No. 24 at 12–13. The Debtors maintain that since they received the PPP loans, they have made employee retention decisions based on using the PPP funds for employee salaries. *Id.* at 13. The Debtors also maintain that the reorganization plan confirmed by the Confirmation Order contemplated "expending a majority of their cash cushion . . . to pay off their primary secured creditor in full[,]" and, since December 2020, the Debtors have been paying significant obligations "i.e., millions of dollars" pursuant to the plan. *Id.* Consequently, the Debtors assert, they are "in a considerably different position than the one in which they found themselves on the day this appeal began . . . ." *Id.* at 14.

"Equitable mootness is a prudential doctrine by which a court elects not to reach the merits of a bankruptcy appeal." *In re Transwest Resort Properties, Inc.*, 801 F.3d 1161, 1167 (9th Cri. 2015). "An appeal is equitably moot if the case presents transactions that are so complex or difficult to unwind that debtors,

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 14

creditors, and third parties are entitled to rely on the final bankruptcy court order." *In re Mortgages Ltd.*, 771 F.3d 1211, 1215 n.2 (9th Cir. 2014).

Courts in the Ninth Circuit apply a four-factor test to determine whether an appeal is equitably moot:

> We will look first at whether a stay was sought, for absent that a party has not fully pursued its rights. If a stay was sought and not gained, we then will look to whether substantial consummation of the plan has occurred. Next, we will look to the effect a remedy may have on third parties not before the court. Finally, we will look at whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court.

*In re Thorpe Insulation Co.*, 677 F.3d 869, 881 (9th Cir. 2012).

As evidenced by the second *Thorpe* factor, the equitable mootness doctrine is generally applied in the bankruptcy context in situations involving a consummated plan of reorganization. However, a sister district court in the Ninth Circuit has observed that equitable mootness has been applied to orders applying to "financing situations" analogous to preliminary injunction orders in the PPP loan context. *See Carranza v. PCT Int'l Inc.*, No. CV-20-1307-PHX-DJH, 2021 U.S. Dist. LEXIS 169271 at *7, 2021 WL 4060551 (D. Ariz. Sept. 7, 2021)[2] (citing *Motors Samson*

---

[2] While there have been many cases before bankruptcy and district courts pertaining to the SBA's bankruptcy exclusion from PPP loans, only the United States Court of Appeals for the Eleventh Circuit has issued an appellate decision regarding the merits of the legal issues raised here, and the Eleventh Circuit did not consider equitable mootness. *See USF Fed. Credit Union v. Gateway Radiology*

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 15

1  *Energy Resources Co. v. Semcrude, L.P.*, 728 F.3d 314 (3d Cir. 2013) (application

2  of equitable mootness to approval of asset sales); *Drawbridge Special Opportunities*

3  *Fund v. Shawnee Hills, Inc.*, 125 Fed. App'x 466 (4th Cir. 2005) (application of

4  equitable mootness to payment of prepetition wages); *In re Sonora Desert Dairy,*

5  *L.L.C.*, 2015 Bankr. LEXIS 18, 2015 WL 65301, at *10 (B.A.P. 9th Cir. Jan. 5,

6  2015) (holding that where bank failed to seek a stay of the DIP financing order, that

7  alone may be enough to render these appeals equitably moot)).

<u>Stay of the Order Granting Preliminary Injunction</u>

Appellants orally moved for a stay of the Order Granting Preliminary Injunction, which the Bankruptcy Court denied.  ECF No. 13-1 at 311.  However, the Debtors argue that Appellants were less than diligent because they could have moved, but did not, for reconsideration from the Bankruptcy Court or for a stay from this Court.  ECF No. 14 at 32.  The Debtors further assert that Appellants have not availed themselves of opportunities to expedite resolution of this matter.  *See* ECF No. 24 at 12 ("For example, despite the fact that the Bankruptcy Court certified this appeal from the United States Court of Appeals for the Ninth Circuit, the SBA filed its appeal with this Court.") (citing ECF No. 13-1 at 311).  Appellants respond that seeking reconsideration from the Bankruptcy Court

---

*Consultants, P.A. (In re Gateway Consultants, P.A.)*, 983 F.3d 1239 (11th Cir. 2020).

regarding a stay would have been futile, as the Bankruptcy Court "made clear that it would not grant a stay." ECF No. 18 at 16.

The Debtors have set forth several actions that Appellants could have taken, but did not take, before the PPP funds were disbursed to the Debtors following the Order Granting Preliminary Injunction. While the Court is cognizant that more than a failure to seek a stay generally is required to find equitable mootness, the Court agrees that the Appellants could have more assiduously sought to stay the effect of the Order Granting Preliminary Injunction before the PPP funds were disbursed, and, therefore, this factor weighs in favor of mootness. *See In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (9th Cir. 1981) (finding failure to seek a stay of objectionable orders together with a substantial change of circumstances to support dismissal for mootness); *see also Matter of UNR Indus.*, 20 F.3d 766, 769–70 (7th Cir. 1994) (failure to obtain a stay weighed in favor of mootness even though appellant repeatedly sought a stay).

<u>Substantial Consummation</u>

There is no dispute that the PPP funds were distributed to the Debtors and that the Bankruptcy Court confirmed the Debtors' reorganization plan in the Confirmation Order in December 2020. These circumstances distinguish this case from a decision from a sister court in the Southern District of California denying equitable mootness in an appeal of a preliminary injunction that resulted in the issuance of a PPP loan because, in that case, no consummated reorganization plan

was implicated. *See United States SBA v. Vestavia Hills, Ltd. (In re Vestavia Hills, Ltd.)*, No. 20-cv-01308-GPC-LL, 2021 U.S. Dist. LEXIS 58373, at *12 (S.D. Cal. Mar. 26, 2021). As both the Order Granting Preliminary Injunction in the adversary proceeding and the Confirmation Order in the Chapter 11 proceeding have been consummated, the Court finds that this factor favors equitable mootness.

<u>Effect of the Remedy on Third Parties and Availability of Effective Relief</u>

Since the Order Granting Preliminary Injunction, the PPP funds have been distributed to the Debtors, and the Debtors maintain that they have used the funds to pay the wages and benefits of third parties not before the Bankruptcy Court nor this Court, including nurses and other healthcare staff. *See* ECF No. 14 at 32–33. Moreover, the Confirmation Order preserves Appellants' rights with respect to the PPP while also obligating Debtors to begin making payments as soon as the reorganization plan took effect. *See* ECF Nos. 25-1; 24 at 13.

As the District of Arizona recognized in *Carranza*, courts have found that an appeal becomes moot once the funds resulting from the objectionable order have been spent. *See Carranza*, 2021 U.S. Dist. LEXIS 169271, at * 11 (collecting cases); *see also Samuel v. JPMorgan Chase Bank, N.A. (In re Samuel)*, No. EC-17-1036-BHKu, 2018 Bankr. LEXIS 2268, at *8 (B.A.P. 9th Cir. July 31, 2018) (finding the third and fourth factors for equitable mootness satisfied where: "They have relied on the bankruptcy court order and presumably spent the funds long ago.

ORDER DISMISSING APPEALS AS EQUITABLY MOOT ~ 18

1  Thus, clawing back money from these third parties would be largely impracticable,

2  even if possible."). Vacating the Bankruptcy Court's Order Granting Preliminary

3  Injunction may create a chaotic and difficult situation to manage for the Bankruptcy

4  Court that this Court cannot justify, particularly as any right by the Appellants to

5  repayment already is preserved in the Confirmation Order in the event that the

6  Debtors fail to secure permanent injunctive relief or otherwise become obligated to

7  repay the PPP loans. Therefore, the Court finds that the third and fourth factors

8  favor mootness.

9  In sum, the Court finds that there has been a comprehensive change in

10 circumstances since the issuance of the Order Granting Preliminary Injunction that

11 would render it inequitable for this Court to reach the merits of the parties' appeals.

12 *See In re Mortgs. Ltd.*, 771 F.3d at 1214.

13 Accordingly, **IT IS HEREBY ORDERED** that the consolidated appeals are

14 **DISMISSED**, and the District Court Clerk is directed to enter judgment in favor of

15 the Debtors/Appellees on the basis that these appeals are equitably moot.

16 **IT IS SO ORDERED**. The District Court Clerk is directed to enter this

17 Order, provide copies to counsel and the United States Bankruptcy Court for the

18 Eastern District of Washington, and **close the file** in this case.

19 **DATED** March 9, 2022.

20                                   *s/ Rosanna Malouf Peterson*
                               ROSANNA MALOUF PETERSON
21                                  Senior United States District Judge